UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUTHES C. HOLEYFIELD,

    Plaintiff,

  v.            Case No. 22-C-1022

WELLPATH, et al.,

    Defendants.

---

**DECISION AND ORDER**

---

  Plaintiff Ruthes Holeyfield is an inmate at the Milwaukee County Jail who is representing himself in this 42 U.S.C. §1983 action. On December 8, 2022, the Court screened and dismissed the amended complaint because it failed to state a claim upon which relief could be granted. On December 27, 2022, Holeyfield filed a motion for a certificate of appealability, a motion for reconsideration, and a motion to appoint counsel. The Court will deny the motions for the reasons explained below.

  First, the Court will deny as unnecessary Holeyfield's motion for a certificate of appealability because no such certificate is required before a plaintiff may appeal a final order in a §1983 action. If Holeyfield wants to pursue an appeal, he may file a notice of appeal consistent with the time limits set forth in Fed. R. App. P. 4(a)(4). The Court will include a blank notice of appeal form along with this decision for Holeyfield's convenience.

  The Court will also deny Holeyfield's motion for reconsideration. Under Rule 59(e), a party may file a motion to alter or amend a judgment within twenty-eight days of the entry of judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can

demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Whether to grant a motion to alter or amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The Court dismissed this action because the amended complaint fails to state a claim. Holeyfield asserts that he "had a misunderstanding" and that instead of "rebuking and correcting" him, the Court dismissed his case and gave him a strike. Dkt. No. 24 at 1-2. Holeyfield's excuses ring hollow. In the original screening order, the Court explained why the allegations in the original complaint were insufficient under Rule 8 to state a claim. The Court informed Holeyfield that he should draft his amended complaint as if he were telling a story to someone who knew nothing about his situation. The Court counseled that "he should explain what happened to make him believe he has a legal claim, when it happened, who was involved, and how the Court can assist him in relation to those events." Dkt. No. 17 at 5. Instead of following this straightforward guidance, Holeyfield filed an amended complaint that insisted his lawsuit would stay the same and that the undersigned could "get off" his case and assign it to another judge. Dkt. No. 21 at 3. Holeyfield appears to now regret his decision to ignore the Court's instructions, but his regret is not a sufficient basis to alter or amend the judgment in this action. Accordingly, the Court will deny his motion for reconsideration.

Finally, the Court will deny Holeyfield's motion to appoint counsel. Given that this action is closed, Holeyfield has no need for counsel. If Holeyfield chooses to pursue an appeal, he may raise his request for counsel in the appellate court.

**IT IS THEREFORE ORDERED** that Holeyfield's motion for a certificate of appealability, his motion for reconsideration, and his motion to appoint counsel (Dkt. No. 24) are **DENIED**.

The clerk's office is directed to send Holeyfield a blank notice of appeal form along with this decision.

Dated at Green Bay, Wisconsin this 5th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge